**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Ronald Pyles,                                                    Case No. 4:16CV3017

                        Petitioner

            v.                                                   **ORDER**

Warden, Hocking Correctional Institution,

                        Respondent

        This is a habeas corpus case in which, following referral to United States Magistrate Judge

Kathleen Burke and her filing of her Report and Recommendation (Doc. 11), the petitioner has filed

objections. (Doc. 14).

        On de novo review, I find the objections meritless; accordingly, I adopt the R&R as the order

of this court and deny the petition.

**Discussion**

        Following a bench trial in the Common Pleas Court of Mahoning County, Ohio, the court

found the petitioner guilty of one count of gross sexual imposition and one count of rape. The victim

was a mentally impaired young woman. Petitioner's appeal to the Ohio Seventh District Court of

Appeals was unsuccessful, as was his effort to seek review in the Ohio Supreme Court.

        In his habeas petition, petitioner asserted four grounds for relief: 1) denial of his Sixth

Amendment right to a speedy trial; 2) failure to prove all elements of the offenses; 3) a number of

erroneous evidentiary rulings denied him a fair trial; and 4) ineffective assistance of trial counsel.

In his objections to the R&R, the petitioner contends that: 1) the reviewing courts in Ohio failed to address his speedy-trial claim; and 2) the Magistrate Judge erred in finding that the state courts had reasonably concluded that the evidence sufficed for a conviction. He also makes a passing objection to Magistrate Judge Burke's determination that his ineffective-assistance claim lacked merit.

First: the state appellate court not only cited the Sixth Amendment, it also addressed the merits of Pyles's federal claim in detail.

To be sure, the court devoted much of its analysis to Ohio law governing speedy-trial claims. But Ohio law on speedy-trial claims is coextensive with the criteria for adjudicating such claims under the Sixth Amendment. *See Brown v. Bobby*, 656 F.3d 325, 331 (6th Cir. 2011). Accordingly, as the Magistrate Judge correctly held, the state court necessarily adjudicated Pyles's federal speedy-trial claim.

Second: like the Magistrate Judge, I agree that petitioner defaulted his sufficiency claim, to the extent it rested on the lack of evidence of the victim's mental impairment, in the Ohio Supreme Court. On the merits, there was, as Magistrate Judge Burke noted, ample evidence that Pyles had raped the victim. (Doc. 11 at 27–28). I therefore find no defect in the state appellate court's assessment of the trial court record and its finding that the evidence sufficed to sustain the petitioner's convictions on both counts.

Third: petitioner has not come close to showing that the state appellate court was unreasonable in rejecting the ineffective-assistance claim. He contends that counsel was deficient for not introducing evidence to impeach the victim, but his objections do not identify the evidence or explain how it would have undermined the victim's testimony. (Doc. 14 at 9).

Furthermore, despite the vagueness of petitioner's objection, I have, sua sponte, undertaken a de novo review of the Magistrate Judge's disposition of the entire ineffective-assistance claim, and I agree entirely with her conclusion that the state court reasonably denied relief.

As the Magistrate Judge noted, petitioner failed to show what his attorney could have done to persuade the trial judge that the victim was not competent to testify. (Doc. 11 at 30). He thus failed to show either deficient performance or prejudice.

Petitioner's claims as to counsel's failure to voir dire certain witnesses, and that counsel should not have let petitioner waive a jury trial because the judge was biased, fare no better. (*Id.* at 32–33). There is nothing unreasonable about a state court rejecting a *Strickland* claim that has no basis in the record. *State v. Pyles*, 2015-Ohio-5594, ¶109 (Ohio App.) (no evidence that witnesses were unqualified to testify); *id.* at ¶108 (no evidence that trial judge was biased).

### Conclusion

It is, therefore,

ORDERED THAT:

1.      The Magistrate Judge's Report and Recommendation (Doc. 11) be, and the same hereby is, adopted as the order of the court;

2.      The petition for relief under 28 U.S.C. § 2254 (Doc. 1) be, and the same hereby is, denied; and

3.      No certificate of appealability shall issue.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge